IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00240-GPG

CLARENCE E. HASSLER,

      Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Clarence E. Hassler, Jr., is a prisoner in the custody of the Colorado Department of Corrections (CDOC) at the Crowley County Correctional Facility in Olney Springs, Colorado.  This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) filed *pro se* by Mr. Hassler on February 4, 2015.  In the Application, Mr. Hassler challenges the validity of the prison sentence imposed in Fremont County, Colorado, District Court Case No. 93CR120.

The Court must construe the Application and other papers filed by Mr. Hassler liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Hassler previously filed a habeas corpus action pursuant to 28 U.S.C. § 2254

challenging the validity of his state court sentence in Fremont County District Court Case No. 93CR120. *See Clarence E. Hassler v. Richard Smelser, Warden, et al*., No. 08-cv-01168-ZLW (D. Colo. Sept. 17, 2008), *affirmed* No. 08-1388 (10th Cir. Feb. 10, 2009) (unpublished). Mr. Hassler identifies the prior federal application in his current § 2254 Application. (ECF No. 1, at 7).

Mr. Hassler's § 2254 application in 08-cv-01168-ZLW was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court finds that the instant application is a second or successive application. *See In re Rains,* 659 F.3d 1274, 1275 (10th Cir.2011) (per curiam) ("The dismissal of [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the [§ 2244(b) ] requirements.")*; Hall v. Falk*, No. 13-1291, 535 F. App'x 762, 763 (10th Cir. Oct. 21, 2013) (unpublished) (same).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Hassler must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual

2

predicate for the claim could not have been discovered previously through the exercise

of due diligence" and "the facts underlying the claim, if proven and viewed in light of the

evidence as a whole, would be sufficient to establish by clear and convincing evidence

that, but for constitutional error, no reasonable factfinder would have found the applicant

guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B).

Mr. Hassler does not allege that he has obtained authorization from the Tenth

Circuit to file a second or successive § 2254 application.  Therefore, the Court must

either dismiss the application for lack of jurisdiction or, if it is in the interest of justice,

transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*,

531 F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  When "there is no risk that a meritorious successive claim will be lost

absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is

not in the interest of justice to transfer the matter."  *Id.* at 1252.

Mr. Hassler fails to demonstrate that his claims in this action are based on either

a new rule of constitutional law or newly discovered evidence as required pursuant to

§ 2244(b)(2).  Therefore, the Court finds that a transfer is not in the interest of justice for

that reason alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion.  Mr.

Hassler's claim challenging the validity of his state court sentence was time-barred long

3

before he initiated this action.  There also is no indication that the claim Mr. Hassler

seeks to raise have any merit.  Mr. Hassler asserts that the county court judge who

sentenced him to a term of imprisonment in the CDOC following his second-time parole

revocation lacked jurisdiction to impose the sentence.  (ECF No. 1, at 5).   However, a

county court judge may be delegated the authority to impose a felony sentence.  *See*,

*e.g.*, *People v. McCulloch*, 198 P.3d 1264, 1266-67 (Colo. App. 2008).  Finally, it was

clear when the instant action was filed that this Court lacks jurisdiction over the

application.  As a result, the Court finds that a transfer of this action to the Tenth Circuit

is not in the interest of justice.  Instead, the action will be dismissed for lack of

jurisdiction.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 (ECF No. 1) is DENIED and the action is DISMISSED for lack of

jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because

jurists of reason would not debate the correctness of the procedural ruling and Applicant

has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

DENIED.  the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It

4

is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action (ECF No. 2) is DENIED as

moot.

DATED February 10, 2015, at Denver, Colorado.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court